COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | | |
|---|---|---|
| BRANDON JAY MCDONALD, | § | |
| | | No. 08-13-00209-CR |
| Appellant, | § | |
| | | Appeal from the |
| v. | § | |
| | | 396th Judicial District Court |
| THE STATE OF TEXAS, | § | |
| | | of Tarrant County, Texas |
| Appellee. | § | |
| | | (TC# 1184931W) |
| | § | |

# **O P I N I O N**

Brandon Jay McDonald appeals his conviction for burglary of a habitation following the trial court's revocation of probation. In his sole appellate issue, McDonald contends that his ten-year sentence, which fell within the statutory range set for burglary of a habitation, constituted cruel and unusual punishment prohibited by the state and federal constitutions. We affirm.

## **BACKGROUND**

On February 1, 2010, Appellant pleaded guilty to burglary of a habitation. The trial court assessed a $500 fine, deferred adjudication, and placed Appellant on community supervision for five years. In May 2013, the State filed a petition to proceed to adjudication, alleging that Appellant violated the terms of his probation. Appellant entered an open plea of true to all the allegations contained in the petition. Appellant does not dispute that he pled true to the

revocation charges knowingly, voluntarily, and intelligently, and that he was admonished that the punishment range for burglary of a habitation was between two and twenty years confinement. The trial court sentenced Appellant to ten years' in prison. This appeal followed.

## DISCUSSION

Appellant concedes that the sentence he received did not constitute an abuse of judicial discretion under law because it fell within the statutory punishment range set by the Legislature. Nevertheless, he maintains that the trial court violated his constitutional rights against cruel and unusual punishment by actually imposing the sentence because the punishment was disproportionate to the crime, "mitigating factors" existed in the record, and because "Appellant pled true to the allegations in the motion to adjudicate, therefore[] taking full responsibility to his actions [sic] while on probation." Appellant did not explicitly state what those mitigation factors were.

To challenge a sentence as cruel and unusual punishment, the defendant must object in the trial court or else his constitutional claim is waived. *Harrington v. State*, No. 08-13-00224-CR, 2014 WL 3783960, at *1-*2 (Tex.App.--El Paso July 31, 2014, no pet.)(not designated for publication)(objection at sentencing or in a motion for new trial necessary to preserve cruel and unusual punishment error). Here, Appellant entered an open plea of true to all the allegations contained in the motion to revoke, and he failed to object in the trial court or raise a complaint in a motion for new trial. As such, Appellant failed to preserve any Eighth Amendment claims and waived his ability to challenge his sentence. *Id*.

Issue One is overruled. We affirm the trial court's judgment.


October 31, 2014

YVONNE T. RODRIGUEZ, Justice


2

Before McClure, C.J., Rodriguez, J., and Barajas, C.J. (Senior Judge)
Barajas, C.J. (Senior Judge)(Sitting by assignment, not participating)

(Do Not Publish)